IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-241

Filed 19 November 2024

Rowan County, Nos. 22CRS250114; 23CRS000469

STATE OF NORTH CAROLINA

v.

CHRISTIE JONES

Appeal by Defendant from judgment entered 3 August 2023 by Judge Joseph N. Crosswhite in Rowan County Superior Court. Heard in the Court of Appeals 24 September 2024.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Sarah N. Cibik, for the State-Appellee.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Brandon Mayes, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Christie Jones appeals from judgment entered upon guilty verdicts for first-degree arson, larceny of a dog, and attempted first-degree murder. Defendant argues that the trial court erred by not ordering sua sponte a competency hearing, and that this error violated Defendant's due process rights. We find no error.

## I. Background

Defendant was indicted for first-degree arson, larceny of a dog, assault with a deadly weapon, and attempted first-degree murder. Defendant's case came on for

trial on 1 August 2023.

At the conclusion of the State's evidence, the trial court asked defense counsel if Defendant wished to testify. After some discussion at the defense table, defense counsel indicated that his client would testify. Before Defendant took the stand, she was sworn in by the clerk and addressed by the trial court. The trial court explained Defendant's Fifth Amendment rights to her and stated, "I do want to make sure you've had a full opportunity to discuss this with your lawyer. Have you had a chance to talk to him about it?" Defendant responded in the affirmative. When asked if she wished to ask her lawyer any more questions about her decision to testify, Defendant responded, "No." When asked if she intended to waive her Fifth Amendment privileges and offer testimony in the trial, Defendant responded, "Yes."

On direct examination, Defendant testified to the following:

At one point in her life, she heard voices in her head, which she believed was caused by "voice-to-skull" technology. Defendant knew Derek Mowry had served in the military and suspected he possessed the "voice-to-skull technology." Defendant drove to the Mowry's home to ask them to stop the "voice-to-skull technology." Defendant repeatedly knocked on both the front and back doors, but she received no answer. Defendant then sat in her car in the Mowry's driveway for several hours. At one point, Defendant laid on the horn for half an hour. Defendant returned to knocking on the Mowry's doors and windows and begged Derek to come out. Defendant told Derek that if he did not come out, she would cut his pool. Derek did

not come out, and Defendant cut the pool.

Defendant went to her car to get a bottle of water and something to eat. While walking back to the Mowry's house, Defendant saw Derek come out of the house and turn off the pool pump. Defendant walked back to her car to get a lighter and a notebook to set the edge of the Mowry's porch on fire. Defendant attempted to burn the porch, but it was just smoking and would not catch fire. Defendant then made a makeshift leash and collar and walked the Mowry's dog to her car so the dog would not breathe in smoke. Defendant was by her car for about two hours when she saw Derek approaching. Shortly thereafter, first responders arrived. Defendant then left.

On cross-examination, Defendant testified that she had started to hear the voices in her head around 2018 or 2019. She also testified that in 2018 or 2019, she had started using Methamphetamine to help her function.

Prior to instructing the jury, the trial court asked defense counsel whether there was any competency issue. Defense counsel informed the court that Defendant was competent and conscious. The following exchange took place between the trial court and defense counsel:

> THE COURT: I think just based on that testimony yesterday and I think you asked your client about it when she was testifying, but I just want to make sure that in your opinion there's no issue as to any competency and to give you a chance to get anything else on the record that you would like to get on the record?
>
> [DEFENSE COUNSEL]: Your Honor, in my opinion in all my dealings with her she was very articulate. I, in fact,

early on discussed with her about getting a forensic
evaluation. I think we both agreed that she is competent
and understood what was going on. That's all I have to say,
Your Honor.

THE COURT: Okay. Yes, sir, thank you.

Defendant was found guilty of first-degree arson, larceny of a dog, and attempted first-degree murder. Defendant gave oral notice of appeal after the jury returned its verdicts but before Defendant was sentenced.

During the sentencing hearing, defense counsel made the following statement to the trial court:

> Your Honor, what she tells me that, as far as the voices,
> she says she is no longer experiencing, has not experienced
> them since she's been incarcerated. She says that she feels
> healthier. You look at her, I look at her from the time I
> first met her, saw her, even in looking at the photographs
> and seeing her today, she is healthier. Nothing further,
> Your Honor.

The trial court sentenced Defendant to 240 to 300 months' imprisonment and recommended that Defendant take advantage of any treatment options, counseling, therapy, and anything else that may be available while in custody.

Defendant filed a petition for writ of certiorari with this Court.

## II. Discussion

**A. Appellate Jurisdiction**

As a threshold issue, we must determine whether we have jurisdiction to hear this appeal.

"Notice of appeal shall be given within the time, in the manner[,] and with the

effect provided in the rules of appellate procedure." N.C. Gen. Stat. § 15A-1448(b) (2023). Rule 4(a) of the North Carolina Rules of Appellate Procedure provides that an appeal in a criminal case may be taken by either "giving oral notice of appeal at trial" or filing a written notice of appeal within 14 days after entry of judgment. N.C. R. App. P. 4(a). An oral notice of appeal given before entry of the final judgment violates Rule 4 and does not give this Court jurisdiction to hear the defendant's direct appeal. *See State v. Smith*, 898 S.E.2d 909, 912 (N.C. Ct. App. 2024); *State v. Lopez*, 264 N.C. App. 496, 503 (2019).

In this case, after verdicts but prior to sentencing, defense counsel stated, "Your Honor[,] [Defendant] would enter notice of appeal." The trial court responded, "Yes, sir, we'll accept notice of appeal[.]" After sentencing, the trial court again noted Defendant's notice of appeal and appointed the Appellate Defender. As Defendant prematurely entered oral notice of appeal before entry of the final judgment in violation of Rule 4, this Court does not have jurisdiction to hear the Defendant's direct appeal. *See Lopez*, 264 N.C. App. at 503.

Acknowledging this defect, Defendant filed a petition for writ of certiorari. This Court may issue a writ of certiorari "in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). In our discretion, we grant Defendant's petition for writ of certiorari and reach the merits of her appeal.

**B. Competency Hearing**

Defendant contends that the trial court erred by failing to order a competency hearing sua sponte when there was substantial evidence of a bona fide doubt as to Defendant's competency to stand trial.

One of the fundamental pillars of our criminal justice system is that a defendant must be competent to stand trial. *Drope v. Missouri,* 420 U.S. 162, 171-72 (1975). Thus, "the criminal trial of an incompetent defendant violates due process." *Cooper v. Oklahoma,* 517 U.S. 348, 354 (1996). Our General Statutes contain a statutory competency requirement:

> No person may be tried, convicted, sentenced, or punished for a crime when by reason of mental illness or defect he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner.

N.C. Gen. Stat. § 15A-1001(a) (2023). However, "the statutory right to a competency hearing is waived by the failure to assert that right at trial." *State v. Badgett,* 361 N.C. 234, 259 (2007).

Here, nothing in the record indicates that the prosecutor, defense counsel, Defendant, or the court raised the question of Defendant's capacity to proceed at any point during the proceedings, nor was there any motion made detailing the specific conduct supporting such an allegation. *See* N.C. Gen. Stat. § 15A-1002(a) (2023). Defendant thus waived her statutory right to a competency hearing. *See Badgett,*

361 N.C. at 259.

Nevertheless, under the Due Process Clause of the United States Constitution, "[a] criminal defendant may not be tried unless he is competent." *Godinez v. Moran,* 509 U.S. 389, 396 (1993). "In order to possess the competence necessary to stand trial, a defendant must have the 'capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense.'" *State v. Hollars*, 376 N.C. 432, 441-42 (2020) (quoting *Drope*, 420 U.S. at 171).

While "a competency determination is necessary only when a court has reason to doubt the defendant's competence," *Godinez*, 509 U.S. at 401 n.13, "a trial court has a constitutional duty to institute, *sua sponte*, a competency hearing *if there is substantial evidence before the court* indicating that the accused may be mentally incompetent." *Badgett*, 361 N.C. at 259 (quoting *State v. King*, 353 N.C. 457, 467 (2001) (brackets omitted)).

"Substantial evidence which establishes a bona fide doubt as to a defendant's competency may be established by considering 'a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial.'" *Hollars*, 376 N.C. at 442 (quoting *Drope*, 420 U.S. at 180). "Regardless of the circumstances that constitute substantial evidence of a defendant's incompetence, the relevant period of time for judging a defendant's competence to stand trial is 'at the time of trial.'" *Id.* (citation omitted).

In *Badgett*, the trial court did not err by not instituting a competency hearing sua sponte because the evidence was insufficient to raise a bona fide doubt as to his competency. 361 N.C. at 260. The defendant asserted the following evidence of his behavior was sufficient to raise a bona fide doubt:

> (1) [he] wrote numerous letters to the trial court and the district attorney expressing his desire for a speedy trial resulting in the death sentence; (2) [he] read a statement to the jury during the penalty phase in which he impliedly asked for a death sentence; and (3) [he] had an emotional outburst coupled with verbal attacks on the assistant district attorney who delivered the state's closing argument during the sentencing proceeding.

*Id.* at 259-60.

On the other hand, however, the record contained the following evidence of the defendant's competence to stand trial: the defendant appropriately interacted with his attorneys, discussed relevant issues of law with his attorneys, responded to the trial court's questions, illustrated a strong understanding of the proceedings, and addressed the trial court with deference. *Id.* at 260. This Court concluded that "the evidence referenced by [the] defendant did not constitute 'substantial evidence' requiring the trial court to institute a competency hearing, and that [the] evidence was outweighed by substantial evidence indicating that [the] defendant was competent to stand trial." *Id.*

Here, Defendant asserts the following evidence tending to show her behavior was sufficient to raise a bona fide doubt as to her competence to stand trial: (1) she

heard voices in her head that she believed was caused by "voice-to-skull technology" owned by Derek; (2) she drove to the Mowry's home and repeatedly knocked on both the front and back doors; (3) she sat in her car, which was in the Mowry's driveway for several hours; (4) she laid on the horn for half an hour; (5) she cut the Mowry's pool; and (6) she attempted to set the Mowry's porch on fire.

This was even less evidence of Defendant's lack of competence *at the time of trial* than there was in *Badgett*. While in *Badgett*, the defendant relied on evidence of his behavior at trial to show his incompetence, here, the evidence that Defendant relies on occurred prior to trial. As in *Badgett*, however, that evidence "was outweighed by substantial evidence indicating that [D]efendant was competent to stand trial." *Id.* Defendant conferred with her attorney about issues of law applicable to her case, most specifically about waiving her Fifth Amendment rights to remain silent. Defendant responded directly and appropriately to the trial court's questioning during its inquiries into her decision to testify. Furthermore, the record demonstrates Defendant's clear understanding of the proceedings against her and shows her ability to address the trial court with appropriate deference and intelligent responses. Defendant's testimony was responsive and appropriate to the questions, even if her responses indicated that her troubling thoughts led to her actions in this case.

As the evidence referenced by Defendant "did not constitute 'substantial evidence' requiring the trial court to institute ex mero motu a competency hearing,"

*id.*, and any such evidence "was outweighed by substantial evidence indicating that [D]efendant was competent to stand trial," *id.*, the trial court did not err by failing to institute a competency hearing sua sponte.

### III.   Conclusion

For the stated reasons above, Defendant's argument is meritless. We find no error.

NO ERROR.

Judge TYSON and GRIFFIN concur.